UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ELAINE L. CHAO, Secretary of Labor, :
United States Department of Labor, :
 :
        Plaintiff, :
 : CIVIL ACTION
   v. :
 :
The GARRETT GROUP, L.L.C.; STEVEN :
WHITING, individually and as fiduciary to the : Case No. 04-C-849
GARRETT GROUP, L.L.C. 401(k) SAVINGS :
PLAN; and the GARRETT GROUP L.L.C. : Hon. Aaron E. Goodstein
401(k) SAVINGS PLAN, :
        Defendants. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## JUDGMENT

The Defendants, The Garrett Group and Steven Whiting ("collectively the Defendants"), without admitting or denying liability, and the Secretary have previously agreed to resolve all matters in controversy in this action (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. 1132(l), and any proceedings related thereto), and said parties consented to entry of this Judgment.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Judgment.

IT IS THEREFORE ORDERED AND ADJUDGED:

1. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. sec.1001, *et seq*.

2. Defendants Steven Whiting and the Garrett Group, LLC hereby represent that they have paid the total amount of $26,617.01 which the Secretary has alleged was due to the Plan for

unremitted employee contributions, loan repayments and associated lost opportunity costs for which they were jointly and severally liable. Defendants further attest that they have provided proof of such payment to the following address: Secretary of Labor c/o Steven Haugen, Regional Director of the EBSA, U.S. Department of Labor, Chicago, Illinois, located at 200 S. Adams St., Ste. 1600, Chicago, Illinois.

    3.    Defendant Steven Whiting is hereby removed and permanently enjoined from serving or acting as a fiduciary or service provider with respect to any employee benefit plan subject to ERISA. Nothing in this Judgment shall preclude Steven Whiting from serving or acting as a director, officer, employee, shareholder, member, manager or owner of any entity which maintains an employee benefit plan covered by ERISA.

    4.    M. Larry Lefoldt ("Lefoldt") is appointed as the independent fiduciary for the Plan. As the independent fiduciary, Lefoldt shall have the following powers, duties and responsibilities:

    A.    Lefoldt shall have responsibility and authority for administering and terminating the Plan. Such termination shall be made in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq., and the Internal Revenue Code;

    B.    Lefoldt's responsibilities shall include, but not be limited to, collecting and liquidating the Plan's assets, communicating with participants regarding the termination of the Plan and their disbursal options, calculating the participants' and beneficiaries' account balances, and filing appropriate termination papers for the Plan with the Internal Revenue Service and the Department of Labor;

C. Lefoldt shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries for the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan;

D. Lefoldt shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled;

E. Lefoldt shall have full access to all data, information and calculations in Steven Whiting, the Garrett Group LLC's, and the Plan's possession or control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

F. Lefoldt may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform its duties hereunder;

G. Lefoldt shall not be responsible for the following activities:

- (i). examining the entire history of the Plan's operations for instances of noncompliance with applicable law;

- (ii) involving the Plan in any bankruptcy or other judicial or administrative proceedings applicable to the Plan sponsor or any of its affiliates;

- (iii) fiduciary violations or omissions committed by any former trustees or fiduciaries of the Plan.

5. Lefoldt shall receive compensation, not to exceed the amount of $5,890 for the performance of the above-referenced duties, together with costs reasonably and necessarily incurred. Defendants Steven Whiting and the Garrett Group LLC hereby represent that they have forwarded an initial payment of $4,000 to Lefoldt as payment for the administration and termination of the Plan. Should additional funds be required administer and terminate the Plan, Defendants Steven Whiting and the Garrett Group LLC agree to pay an additional $1,890 to Lefoldt upon termination of the Plan. Should Lefoldt's reasonable and necessary fees or costs exceed $5890, Lefoldt will petition the Court to request that such fees and costs may be paid by the Plan and allocated proportionally from the balances of the Plan participants. Lefoldt will provide notice of his petition and the Secretary shall have fifteen (15) days to object.

6. Each party agrees to bear his/her/its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding, including attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

7. The Court retains jurisdiction for purposes of enforcing compliance with the terms of the Judgment.

8. The Secretary has also filed a civil suit against Defendant Whiting for alleged violations pertaining to the Western Rubber, Inc. Medical and Prescription Plan, case no. 3:04-cv-599RM, in the United States District Court for the Northern District of Indiana. Nothing in the Judgment for the present case, case no. 04-C-849, constitutes settlement or waiver of any claims the Secretary has or may allege against Defendant Whiting regarding the Western Rubber, Inc. Medical and Prescription Plan in case no 3:04-CV-599RM or any other action the Secretary may bring regarding the Western Rubber, Inc. Medical and Prescription Plan.

9. Nothing in the Judgment shall prohibit Defendants Steven Whiting, The Garrett Group LLC, or the Plan from filing or pursuing any third-party claims against any individuals or entities other than the Secretary of Labor for matters related to this lawsuit.

10. Nothing in this Judgment is binding on any government agency other than the United States Department of Labor.

DATED at Milwaukee, Wisconsin this 2nd day of November, 2007.

s/**HONORABLE AARON E. GOODSTEIN**
**UNITED STATES MAGISTRATE JUDGE**